**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT BOWLING GREEN**

**SANDRA L. MIZE et al.**                                                                                      **PLAINTIFFS**

**v.**                                                          **CIVIL ACTION NO. 1:14-CV-171-GNS**

**UNITED STATES MARSHAL SERVICE et al.**                                              **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

Plaintiffs, Sandra L. Mize and Corey Mize, filed a *pro se*, *in forma pauperis* complaint on a general complaint form. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915(e)(2) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

**I. SUMMARY OF CLAIMS**

It appears that the genesis of this complaint occurred while Plaintiff Corey was in the custody of the Warren County Regional Jail (WCRJ) and/or the United States Marshals Service (USMS). As grounds for filing this case in federal court, the complaint refers to 42 U.S.C. § 1983; the Eighth and Fourteenth Amendments; various sections of Title 18 of the U.S. Code; various Kentucky statutes; a *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), decision from the federal Eleventh Circuit Court of Appeals; the Geneva Convention; the American Bar Association (ABA) standards on treatment of prisoners; and various state tort causes of action ("infliction of emotional distress [and] emotional distress thru negligence"). Plaintiffs name the following as Defendants: the U.S. Marshals Service for the Western District, Jackie Strode, Tom Maxwell, Eddie Pendelton, Chip Olney, Kim James, Tosha Glaung, Irina Avakova, Misse Causey, William Baker, Allen White, John Gereski, Russ Parsons,

Kevin Harrod, Mike White, Matt Norris, Chad Young, and the WCRJ. Plaintiffs do not specify in which capacity they are suing the individual Defendants.

According to the complaint, Plaintiff Sandra received a call on December 3, 2013, from Defendant Strode to tell her that she should go to the Medical Center ICU but that he could not tell her what was wrong. She states that when she arrived at ICU, she was "intercepted" by Defendant Allen White, who told her she could not be there. She states that after about 15 minutes she was taken to see her son, Plaintiff Corey, but no one was allowed to tell her what his injuries were or what his prognosis was. Plaintiff Corey's brothers and grandparents were not allowed in. She states that "through the help of an attorney" on December 5, 2013, all the family members were allowed to be together and to "get answers as to what his injuries were. The officers at the hospital and lack of information did greatly hinder a speedy action on the part of the hospital."

The complaint states that Plaintiff Corey "had been assaulted with great physical harm [i]n the custody and care of USMS, WCRJ, staff at jail and lack of proper supervision caused severe emotional, physical, financial, social and cognitive deficits." As relief, Plaintiffs want the payment of medical bills; "restitution for any lost wages, past, present or future for Plaintiffs"; compensation for physical, emotional and financial damages; and for the "courts to dissolve any and all charges pending against Corey Mize in federal, state or local court." Attached to the complaint is a state-court appointment of guardianship of Sandi Mize for Corey Mize signed on February 14, 2014.

## II. ANALYSIS

Because Plaintiffs are proceeding *in forma pauperis*, this Court must review the instant action. *See* 28 U.S.C. § 1915(e)(2); *McGore v. Wrigglesworth*, 114 F.3d at 604-05. Upon

review, this Court must dismiss a case at any time if the Court determines that the action is "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

### *Criminal charges*

Plaintiffs cite to provisions of Title 18 of the United States Code. However, that title of the U.S. Code contains federal criminal statutes. Plaintiffs as private citizens may not enforce the federal criminal code. *Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989) (per curiam); *Abner v. Gen. Motors*, 103 F. App'x 563, 566 (6th Cir. 2004). "It is well settled that the question of whether and when prosecution is to be instituted is within the discretion of the Attorney General." *Powell v. Katzenbach*, 359 F.2d 234, 235 (D.C. Cir. 1965). The Court does not have

3

the power to direct that criminal charges be filed. *Peek v. Mitchell*, 419 F.2d 575, 577-78 (6th Cir. 1970); *Fleetwood v. Thompson*, 358 F. Supp. 310, 311 (N.D. Ill. 1972). Thus, to the extent that Plaintiffs base their claims on provisions of Title 18, those claims must be dismissed for failure to state a claim.

### *Geneva Convention*

The Geneva Convention codifies the law of war, *Kadic v. Karadzic*, 70 F.3d 232, 242 (2d Cir. 1995), and has no application to this case. Moreover, the Geneva Convention "does not create a private right of action for private individuals to enforce its terms." *Nattah v. Bush*, 770 F. Supp. 2d 193, 204 (D.D.C. 2011). Thus, any claims made by Plaintiffs based on the Geneva Convention must be dismissed for failure to state a claim.

### *ABA claim*

The complaint refers to the "American Bar Association Standards on Treatment of Prisoners." The ABA's Criminal Justice Standards on Treatment of Prisoners are only "persuasive authority" and do not create a cause of action. *See O'Malley v. NaphCare, Inc.*, No. 3:12-cv-326, 2014 WL 806381, at *13 (S.D. Ohio Feb. 28, 2014). Thus, Plaintiffs fail to state a claim upon which relief may be granted in reference to the ABA standards.

### *Request to dissolve charges*

To the extent that Plaintiff Corey is asserting claims about an on-going state criminal case, "a federal court should not interfere with a pending state criminal proceeding except in the rare situation where an injunction is necessary to prevent great and immediate irreparable injury." *Fieger v. Thomas*, 74 F.3d 740, 743 (6th Cir. 1996) (citing *Younger v. Harris*, 401 U.S. 37 (1971)). "*Younger* abstention in civil cases requires the satisfaction of three elements. Federal courts should abstain when (1) state proceedings are pending; (2) the state proceedings

involve an important state interest; and (3) the state proceedings will afford the plaintiff an adequate opportunity to raise his constitutional claims." *Hayse v. Wethington*, 110 F.3d 18, 20 (6th Cir. 1997).

It is not clear if there is a state-court criminal case pending against Plaintiff Corey. However, if there is, in light of the available avenues through which to raise a constitutional challenge in state court, this Court will not interfere with an on-going Kentucky state-court proceeding. Therefore, all claims related to any pending state-court criminal case will be dismissed.

There is a criminal case pending in this Court against Corey Michael Mize. *See United States v. Mize*, No. 1:13-CR-26-GNS. However, this civil action is not the appropriate avenue to seek dismissal of those federal charges. Dismissal would have to be pursued in that criminal action.

### *Intergovernmental Service Agreement*

Plaintiffs reference negligence in speaking of the alleged breaching of the Intergovernmental Service Agreement for housing of federal prisoners between the USMS and the WCRJ and Defendant Strode. To the extent Plaintiffs are suing the USMS for the tort of negligence, such a claim would have to be brought under the Federal Tort Claims Act (FTCA). The FTCA is "the exclusive means for a plaintiff to sue the United States in tort." *Johnston v. O'Neill*, 130 F. App'x 1, 6 (6th Cir. 2005). Thus, no independent negligence claim against the USMS under this purported agreement can exist.

The possibility that state-law negligence claims against WCRJ or Strode may continue past initial review is discussed below.

*State tort law*

To bring a state-law negligence claim, Plaintiffs must first allege the existence of a duty of care. *See Mullins v. Commonwealth Life Ins. Co.*, 839 S.W.2d 245, 247 (Ky. 1992) (noting that in a negligence case, the claimant must prove (1) a duty on the part of Defendant; (2) a breach of that duty; and (3) consequent injury). Plaintiff Sandra as the mother of an adult incarcerated son cannot show that her adult son's jailers had a duty to her.[1] Therefore, she cannot state a claim of negligence.

Whether or not the remainder of the state-law negligence claims will continue is dependent on whether Plaintiff Corey states a constitutional claim relating to the assault and injuries incurred therein because jurisdiction over the state-law claims would be dependent on supplemental jurisdiction. *See* 28 U.S.C. § 1367(c) (district court may decline to exercise supplemental jurisdiction over a state-law claim where the court has dismissed all claims over which it has original jurisdiction).

*Kentucky statutes*

The complaint refers to several Kentucky statutes. Two of them deal with harassment.

Section 525.070 of the Kentucky Revised States is entitled "Harassment." It provides in pertinent part:

> A person is guilty of harassment when, with intent to intimidate, harass, annoy, or alarm another person, he or she:
> (a) Strikes, shoves, kicks, or otherwise subjects him to physical contact;
> (b) Attempts or threatens to strike, shove, kick, or otherwise subject the person to physical contact;

---

[1] The complaint refers to "infliction of emotional distress." To the extent that Plaintiffs may be alleging the tort of infliction of emotional distress, under Kentucky law, negligent infliction of emotional distress is analyzed in accordance with common-law negligence, requiring, among other things, proof of a duty owed to the claimant. *See Osborne v. Keeney*, 399 S.W.3d 1, 17 (Ky. 2012). Thus, Plaintiff Sandra cannot state a claim for this state tort either.

>(c) In a public place, makes an offensively coarse utterance, gesture, or display, or addresses abusive language to any person present;
>(d) Follows a person in or about a public place or places;
>(e) Engages in a course of conduct or repeatedly commits acts which alarm or seriously annoy such other person and which serve no legitimate purpose[.]

Ky. Rev. Stat. § 525.070(1). None of the conduct of Defendants described in the complaint meets the parameters of this statute. Therefore, Plaintiffs have failed to state a claim under this statute.

Section 525.080 of the Kentucky Revised Statutes is entitled "Harassing communications." It provides in pertinent part:

>A person is guilty of harassing communications when, with intent to intimidate, harass, annoy, or alarm another person, he or she:
>    (a) Communicates with a person, anonymously or otherwise, by telephone, telegraph, mail, or any other form of written communication in a manner which causes annoyance or alarm and serves no purpose of legitimate communication;
>    (b) Makes a telephone call . . . with no purpose of legitimate communication[.]

Ky. Rev. Stat. § 525.080(1). The only communication mentioned in the complaint is the phone call from Defendant Strode telling Plaintiff Sandra to go to the Medical Center ICU. This communication fails to allege a violation of § 525.080 because Defendant Strode clearly had a legitimate reason to call Plaintiff Sandra – to inform her that her son was in the ICU. Consequently, Plaintiffs fail to state a claim based on this statute.

The other Kentucky statutes referred to in the complaint, Ky. Rev. Stat. §§ 441.025, 441.055, 441.064, 441.070, and 441.085, have to do with regulation of jails. Those statutes do not specifically provide a private cause of action. However, Ky. Rev. Stat. § 446.070 "creates a private right of action in a person damaged by another person's violation of any statute that is penal in nature and provides no civil remedy, if the person damaged is within the class of persons the statute intended to be protected." *Hargis v. Baize*, 168 S.W.3d 36, 40 (Ky. 2005) (citations

7

omitted). Accordingly, in order for Plaintiffs to maintain an action for the violation of these statutes, they must be within the class of persons protected by the statute. Plaintiff Sandra, as the mother of an incarcerated person, is not within the class of persons protected by the statutes governing regulation of jails. Therefore, Plaintiff Sandra can bring no state-law claims based on these statutes.

### *Constitutional claims*

#### *Due process*

Plaintiffs allege that their due-process rights were violated. The Due Process Clause does protect the right to familial relations between family members. *See, e.g.*, *Stanley v. Illinois*, 405 U.S. 645, 651 (1972) ("The integrity of the family unit has found protection in the Due Process Clause of the Fourteenth Amendment.") (citing *Meyer v. Nebraska*, 262 U.S. 390, 399 (1923)). However, only official conduct that "shocks the conscience" is cognizable as a due-process violation. *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998) (citing *Rochin v. California*, 342 U.S. 165, 172-73 (1952)). The threshold question in such cases is "whether the behavior of the governmental officer is so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience." *Lewis*, 523 U.S. at 847 n.8. The type of conduct which is most likely to rise to the "conscience-shocking level" is "conduct intended to injure in some way unjustifiable by any government interest." *Id*. at 849. Conduct which was not intentional, but rather was deliberately indifferent, may nevertheless rise to the conscience-shocking level in some circumstances. *Id*. at 849-50.

Here, according to the complaint, when Plaintiff Sandra arrived at the ICU, she was initially "intercepted" by Defendant Allen White and told that she could not be there. However, she was taken to see her son 15 minutes later. Plaintiffs allege that, at that time, no one was

allowed to tell Plaintiff Sandra what her son's injuries were or what his prognosis was, and Plaintiff Corey's brothers and grandparents were not allowed in. However, two days later, all the family members were allowed to be together and to "get answers as to what his injuries were." Thus, Plaintiff Sandra was delayed 15 minutes from seeing her son. Two days later all of the family was allowed to see Plaintiff Corey, and everyone's questions about his injuries were answered. The Court finds that none of Plaintiffs' allegations concerning interference with familial relations rise to the conscience-shocking level and therefore fail to state a due-process claim.

*Constitutional claims related to the assault*

According to the complaint, Plaintiff Corey was "assaulted with great physical harm." It is not clear from the complaint whether Plaintiff Corey was assaulted by another inmate or an officer. The complaint does not identify which Defendant(s) was/were responsible for the assault either directly or through a failure to protect. Thus, Plaintiff fails to put Defendants on notice of the claim(s) against them as required by the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 8(a)(2) ("A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."). Without such notice, the claims are subject to dismissal. However, the Court will allow Plaintiff Corey an opportunity to amend. *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[U]nder Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA.").

The Court notes that merely naming the WCRJ and the USMS as Defendants does not suffice in this context. WCRJ is not a "person" subject to suit under § 1983 because municipal departments, such as jails, are not suable under § 1983. *Compare Rhodes v. McDannel*, 945 F.2d

9

117, 120 (6th Cir. 1991) (holding that a police department may not be sued under § 1983); *see also Marbry v. Corr. Med. Serv.*, No. 99-6706, 2000 WL 1720959, at *2 (6th Cir. Nov. 6, 2000) (holding that a jail is not an entity subject to suit under § 1983). In this situation, it would be Warren County that is the proper defendant. *Smallwood v. Jefferson Cnty. Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990) (construing claims brought against the Jefferson County Government, the Jefferson County Fiscal Court, and the Jefferson County Judge Executive as claims against Jefferson County itself). Further, Warren County is a "person" for purposes of § 1983. *Monell v. New York City Dept. of Soc. Servs.*, 436 U.S. 658 (1978).

However, a municipality, like Warren County, cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Id.* at 691; *Deaton v. Montgomery Cnty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). Simply stated, the plaintiff must "identify the policy, connect the policy to the [county] itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds*, *Frantz v. Vill. of Bradford*, 245 F.3d 869 (6th Cir. 2001)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)); *Bd. of Cnty. Comm'rs of Bryan Cnty., Okla. v. Brown*, 520 U.S. 397, 404 (1997) (indicating that plaintiff must demonstrate "deliberate conduct"). The complaint does not allege the existence of a Warren County policy or custom.

With regard to the USMS, a *Bivens* action cannot be maintained against a federal agency, like the USMS.[2] *McCloskey v. Mueller*, 446 F.3d 262, 271-72 (1st Cir. 2006). It is not clear from the complaint whether Plaintiff Corey is alleging the violation of his constitutional rights by a federal official in his/her individual capacity. Clarification as to whether any of the named individuals are employees of the USMS and are alleged to be responsible for the assault is needed.

## *FTCA*

To the extent that the complaint alleges negligence on behalf of any federal official, the FTCA is a waiver by Congress of the sovereign immunity of the United States for claims arising out of torts committed by federal employees. *See* 28 U.S.C. § 1346(b)(1); *Snyder v. United States*, 590 F. App'x, 505, 509 (6th Cir. 2014). The waiver effected by the FTCA is narrow. *Snyder v. United States*, 590 F. App'x, at 509. Those terms include both an administrative exhaustion requirement and a limitations period for filing suit after a final denial of the administrative complaint. *See Garrett v. United States*, 640 F.2d 24, 26 (6th Cir. 1981) (per curiam). An administrative claim must be "presented in writing to the appropriate Federal agency within two years after such claim accrues." 28 U.S.C. § 2401(b).

Here, it is not clear from the complaint which if any of the named Defendants are federal officials Plaintiff Corey is alleging was/were negligent. If so, Plaintiff Corey has not indicated if he has administratively exhausted those claims. Therefore, Plaintiff Corey has not alleged the prerequisites of an FTCA claim. The Court will, therefore, provide Plaintiff Corey with an

---

[2] The complaint cites to a decision of the Eleventh Circuit Court of Appeals, *Caldwell v. Warden, FCI Talladega*, 748 F.3d 1090 (11th Cir. 2014), in which a federal prisoner who was assaulted by his cellmate brought constitutional claims against a federal corrections officer for his failure to protect under *Bivens*.

opportunity to amend to advise whether he has exhausted FTCA remedies and to identify any defendant(s) alleged to have violated the FTCA.

### III. CONCLUSION AND ORDER

Because Plaintiff Sandra's claims under federal and state law fail to state a claim,

**IT IS ORDERED** that all of Plaintiff Sandra's claims are **DISMISSED** for failure to state a claim upon which relief may be granted. The Clerk of Court is **DIRECTED** to terminate Plaintiff Sandra Mize as a party to this action.

**IT IS FURTHER ORDERED** that **within 30 days** of entry of this Order Plaintiff Corey Mize may file an amended complaint. In the amended complaint, Plaintiff Corey must provide greater detail as to the facts surrounding the assault; identify the Defendant(s) involved in the assault and/or who failed to protect him; indicate whether those Defendants work for WCRJ or the USMS; and indicate if and when Plaintiff Corey filed an administrative claim with the USMS. The Clerk of Court is **DIRECTED** to send to Plaintiff Corey Mize a § 1983/*Bivens* complaint form with this case number affixed thereto.

Plaintiff Corey is **WARNED** that failure to comply with this Order within the allotted time will result in dismissal of this action.

Date: April 30, 2015

Greg N. Stivers, Judge
United States District Court

cc: Plaintiffs, *pro se*
Defendants
Warren County Attorney
U.S. Attorney
4416.009